UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MENES ANKH EL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04335-WTL-TAB |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus and Directing Further Proceedings**

Petitioner Menes Ankh-El[1] brings this petition for a writ of habeas corpus challenging his state conviction for burglary, forgery, and driving while suspended. The respondent argues that the petition must be dismissed because Ankh-El failed to exhaust his state court remedies. For the following reasons, the Court finds that Ankh-El did exhaust his state court remedies and directs the respondent to brief the merits of Ankh-El's claims.

**Factual History**

Ankh-El was convicted in 2013 of burglary, forgery, and driving while suspended. He was sentenced to four years, with two years executed on community corrections and two years suspended to probation. His sentence has expired, but another sentence in an unrelated case was ordered to run consecutively to the convictions challenged in this case.

On direct appeal of the convictions at issue in this case, Ankh-El raised the following claims: (1) whether the trial court had subject matter jurisdiction over this case; (2) whether the trial court denied his the right to counsel in violation of the Sixth Amendment to the United States

---

[1] The petitioner's legal name is Wendell Brown, but he calls himself Menes Ankh-El and that is how the Court will refer to him.

Constitution; (3) whether the State presented sufficient evidence to support the convictions; (4) whether the charging information was defective; and (5) whether the trial court committed fundamental error by exhibiting prejudice. On November 22, 2016, The Indiana Court of Appeals affirmed Ankh-El's convictions. Ankh-El sought transfer to the Indiana Supreme Court where he argued: (1) that the Indiana Court of Appeals failed to properly order transcripts, a replacement for an alleged stolen deposition, and complete replacement for trial court clerk's record; (2) the Indiana Court of Appeals ignored evidence of fundamental error; (3) the Indiana Court of Appeals failed to consider any of Petitioner's jurisdictional arguments; (4) the evidence was insufficient; and (5) whether the charging information was defective. The Indiana Supreme Court denied transfer on June 1, 2017. Ankh-El filed his petition for a writ of habeas corpus on November 20, 2017.

## Discussion

Ankh-El raises the following claims in this habeas petition: (1) there was no probable cause for the arrest or charges; (2) the probable cause affidavit contained false statements or admissions of fact; (3) the original cause was disposed of and re-filed under the same cause without notification allegedly causing prejudice to Petitioner; (4)-(6) the evidence was insufficient to support his convictions; (7) he was denied counsel of choice; (8) the Indiana Court of Appeals did not properly assemble the appellate record; and (9) the trial court was absolved of jurisdiction through its failure "to direct the prosecutor to prove its jurisdiction." The respondent argues that Ankh-El's petition must be dismissed because he has failed to exhaust his state court remedies as to two of his claims.

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his

federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006) (citation and quotation marks omitted).

The respondent argues that Ankh-El failed to raise claims 3 and 9 in the Indiana state courts. In claim 3, Ankh-El argues that his original charges were disposed of and refiled under the same cause number. In claim 9, he argues that the prosecutor failed to prove that the trial court had subject matter jurisdiction and the trial court's failure to respond to his demand for proof of subject matter jurisdiction caused the court to lose jurisdiction.

Ankh-El concedes that he did not exhaust claim 3 and seeks to dismiss it. But Ankh-El contends that he did exhaust claim 9 and it is therefore properly before this Court. In his brief to the Indiana Court of Appeals, Ankh-El argued:

> The charging information failed to give an allegation of jurisdiction. I filed a NOTICE AND DEMAND FOR A DEFINITE STATEMENT OF ALLEGATION OF BONAFIDE JURISDICTION . . . asking the STATE OF INDIANA to make an allegation of jurisdiction. STATE OF INDIANA'S failure to make a jurisdictional allegation is a fatal defect in the complaint and makes the complaint facially void. This court is obliged to notice want of jurisdiction on its own merits.

Dkt. No. 13-5 p. 23. In his petition to transfer, Ankh-El argued that he "requested that the trial court disclose the true jurisdiction of the court for the record . . . as I have a right to know what type of law is being used in the court. . . . Where the allegation of jurisdiction is denied, the facts which authorized the exercise of jurisdiction must be proved." Dkt. No. 13-9, p 7.

Anhk-El thus did present his jurisdictional arguments to the Indiana Court of Appeals and Supreme Court and did exhaust this claim.

**Conclusion**

Because Ankh-El seeks dismissal of claim 3 of his habeas petition and because he did exhaust his state court remedies with regard to claim 9, his petition will not be dismissed for failure to exhaust. Instead, claim 3 is **dismissed**. The respondent **shall have forty-two days** to respond to the merits of Ankh-El's remaining claims. Ankh-El will have **twenty-eight days** to reply. His motion for a ruling, Dkt. No. 33, is **granted** consistent with this Entry.

**IT IS SO ORDERED.**

Date: 12/7/18

Distribution:

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

MENES ANKH EL
 233632
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov